**Phillip S. MORALES, et al., Plaintiffs,**

v.

**INTELSAT GLOBAL SERVICE CORP., et al., Defendants.**

**Civil Action No. 04-1044 (GK)**

United States District Court, District of Columbia.

Signed December 27, 2012

Marni Elaine Byrum, McQuade Byrum PLLC, Alexandria, VA, Lawrence P. Postol, Seyfarth Shaw LLP, Washington, DC, for Plaintiffs.

Wayne A. Schrader, Edward Lee Isler, Lindsay B. Burke, Mark Edward Papadopoulos, Isler Dare P.C., Vienna, VA, for Defendants.

**MEMORANDUM ORDER**

Gladys Kessler, United States District Judge

Plaintiffs have filed a Motion to Reform the Consent Order and to Allow an ERISA Claim [Dkt. No. 108]. The Consent Decree was entered September 25, 2007 by Judge James Robertson [Dkt. No. 59], settling a class action by retirees of Defendant Intelsat Global Service Corporation to enforce their retiree health benefits. Based upon the Motion, the Opposition of Defendants [Dkt. No. 112], and the Reply of Plaintiffs, the Court concludes that the Motion should be **denied.**

As background, the Court incorporates several paragraphs included in its Memorandum Order of August 22, 2012 [Dkt. No. 107]. For the convenience of the reader, they are as follows:

The Consent Decree incorporates the Intelsat Qualifying Retiree Group Health Plan ("the Plan"). The Plan contains a commonly used "coordination of benefits" provision which explains which insurance will be the primary payer where coverage may be available under more than one plan. In this case, the coordination of benefits clause provides that the Plan will reduce benefit payments to each retiree by the amount that Medicare has paid or would pay for that retiree's Medicare claims.

Plaintiffs, who are approximately twenty individuals and their spouses, out of an original class of approximately 630 individuals and their spouses, maintain that such coordination of Plan benefits with Medicare Plan A coverage is permitted only when the Plan participant has actually secured Medicare Plan A coverage or could enroll in Medicare Part A without additional payment. Because Plaintiffs have not worked enough quarters of employment for which Medicare and Social Security taxes were paid, they do have to make fairly substantial payments in order to purchase Medicare Part A benefits. See 42 C.F.R. § 406.5(b).

In practical terms, Defendants are refusing to pay costs that would normally be covered by Medicare Part A because Plaintiffs could receive Medicare Part A coverage by paying a monthly premium. Therefore, Plaintiffs must cover these costs out-of-pocket or paying a monthly premiums to obtain Medicare Part A coverage on their own. Plaintiffs believe that they should not have to obtain Medicare Part A coverage to avoid out-of-pocket expenses and that Defendants should cover these costs.

Mem. Op. at 1-2 (footnote omitted).

1. In this Motion, filed some five years after issuance of the Consent Decree approving the settlement agreement, Plaintiffs presented another version of the same issue that they raised in their earlier Motion to Enforce Consent Decree and Hold Defendants in Contempt [Dkt. No. 92] for failing to comply with the Consent Decree entered September 25, 2007 [Dkt. No. 59]. Once again, Plaintiffs are arguing that the Summary Plan Description lacked proper clear notice informing Plan participants that they might have to purchase Medicare Part A benefits, thereby violating ERISA. Basically, Plaintiffs are again objecting to the Plan's "coordination of benefits" provision.

In its Memorandum Order of August 22, 2012, this Court ruled that the provisions at issue "clearly state that the Plan will reduce the benefits for 'Persons who are eligible for Medicare ...'" The second paragraph also advises that the employee "should enroll for and maintain coverage under both Medicare Parts A and B" (emphasis in original). Mem. Order at 3. Given that ruling, as well as the rejection of Plaintiffs argument that the term "entitled" was ambiguous, the Court concluded that there was no lack of proper clear notice, which ERISA of course requires, and, therefore, there was no basis for finding, under ERISA § 502(a)(3), reason to reform the Plan in order to stop Defendants from requiring Plaintiffs to purchase Medicare Part A. Defendants are correct that the present Motion seeks the same remedy as the earlier Motion did although offering a slightly different claim for relief. Just as the Court found in the earlier Motion that "Plaintiffs are essentially trying to write additional language into the Plan that might have been desired but

simply is not there," Mem. Op. at 5, they are doing the same in their present Motion.

2. In the alternative, Plaintiffs argue that the Defendants' Plan Administrator abused her discretion and acted arbitrarily and capriciously by requiring all Plan members who were "eligible for or enrolled in Medicare" to pay for coverage under Medicare Part A. As is well established "deference is paid to the decision of the Plan Administrator and her decision [must] stand so long as it is not unreasonable, arbitrary, or capricious, and so long as the Plan's language "reasonably supports" that interpretation. Black v. Pitney Bowes, Inc., 952 F.2d 1450, 1453 (D.C.Cir. 1992). Mem. Op. at 5-6. In any event, this Court is not the proper forum in which to adjudicate Plaintiffs' denial of benefits claims under ERISA § 502(a)(1)(B). Under that section of the statute, ERISA Plan participants must first exhaust their administrative remedy and then initiate an action in federal court. Plaintiffs ask that they be given this option. The Court sees no merit in adopting this suggestion. This case focuses on a settlement plan that affects a large group of more than 600 Plan participants. Plaintiffs' claims affect a small group of only 20 or less people who are also Plan participants. There is no reason to merge the two very separate groups by allowing Plaintiffs to pursue their individual claims in this lawsuit.

3. It should also be noted that Plaintiffs have brought their Motion pursuant to Federal Rule of Civil Procedure 60(b). Relief under that provision is "rare." Zander v. Dept. of Justice, 2012 WL 5353516 (D.D.C. 2012). As Defendants have established in their Opposition to Plaintiffs' Motion, Plaintiffs have failed to satisfy any of the six reasons for which relief may be granted under Rule 60(b).

**WHEREFORE**, it is this 27th day of December, 2012, hereby

**ORDERED**, that Plaintiffs' Motion to Reform the Consent Decree and Allow an ERISA claim is **denied.**